UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN YOCOM,<br><br>    Plaintiff,<br><br>v.<br><br>TINA FOSS, et al.,<br><br>    Defendants. | Case No. 19-cv-02949-JST<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; GRANTING REQUEST FOR SCREENING ORDER**<br><br>Re: ECF No. 36 |

Plaintiff, a person incarcerated at Salinas Valley State Prison ("SVSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His amended complaint (ECF No. 33) is now before the Court for review under 28 U.S.C. § 1915A. The Court GRANTS Defendants' request for screening of the amended complaint. ECF No. 36.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Procedural Background**

In the initial complaint, Plaintiff alleged that, while he was housed at SVSP from September 2018 to January 2020, SVSP warden T. Foss[1] refused to provide treatment for his serious medical needs. ECF Nos. 1, 10. On March 23, 2021, the Court denied defendant Foss's motion for summary judgment for failure to exhaust administrative remedies but granted defendant Foss's motion to dismiss the complaint for failure to state an Eighth Amendment claim. ECF No. 31. In granting the motion to dismiss, the Court stated as follows:

> The Court agrees that Plaintiff has failed to state a cognizable claim for denial of medical treatment because any such claim is contradicted by the exhibit to the complaint. The complaint alleges that, from September 10, 2018 through May 30, 2019, Defendant Foss failed to provide medical treatment for a torn throat, torn colon, injured sternum and chest, hemorrhaging, and two broken arms. *See* ECF No. 1 at 3. This allegation is contradicted by the grievance attached to the complaint. The grievance indicates that, on October 5, 2018, Plaintiff was sent to Natividad Medical Center ("NMC") emergency room for evaluation and treatment in response to his complaint of chest pain and broken arms; that while at NMC, Plaintiff was offered, and refused, treatment for bone infection, and Plaintiff's cardiac workup resulted in normal findings; and that two weeks later, a request for orthopedic surgery was submitted on Plaintiff's behalf. *See* ECF No. 1 at 7. The Court is "not required to accept as true allegations that contradict exhibits attached to the complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of facts, or unreasonable inferences." *Daniels-Hall*, 629 F.3d at 998.

---

[1] Plaintiff sues Defendant "Tina Foss," but Defendant Foss identifies herself only as "T. Foss" in her filings. The Court does likewise.

2

ECF No. 31 at 13. The Court dismissed the complaint with leave to amend because it was not clear that Plaintiff could not state a cognizable Eighth Amendment claim. ECF No. 31 at 13. To assist Plaintiff in preparing an amended complaint, the Court reviewed the relevant law governing Eighth Amendment claims for deliberate indifference to serious medical needs. ECF No. 31 at 14-15. The Court instructed Plaintiff that he must clearly link each named defendant to the alleged constitutional violation, i.e. by specifying what defendant Foss did, or failed to do, that directly violated his constitutional rights. The Court explained that there is no respondeat superior liability under Section 1983, i.e. liability solely because a defendant is a supervisor or otherwise responsible for the actions or omissions of another. Finally, the Court explained that to state a cognizable Eighth Amendment claim, Plaintiff must plead factual content that would allow the Court to draw the reasonable inference that prison officials knew that he faced a substantial risk of serious harm and that these prison officials disregarded that risk by failing to take reasonable steps to abate it. The Court further explained that, generally speaking, a difference of opinion between an incarcerated person and prison medical authorities regarding treatment does not give rise to a Section 1983 claim, unless the course of treatment the doctors chose was medically unacceptable under the circumstances and the doctors chose the course in conscious disregard of an excessive risk to the incarcerated person's health. ECF No. 31 at 14-15.

### C. Amended Complaint

In the caption and in Section B, the amended complaint names as defendants SVSP warden Tina Foss, J. Clark Kelso, SVSP Chief Medical Officer Rivera, and SVSP medical grievance coordinator Jane Doe. ECF No. 33 at 1-2. The amended complaint lists three causes of action: two claims of Eighth Amendment deliberate indifference and torture, and one First Amendment claim ("the rights to redress grievances violation"). Attached to these claims is a nine-page narrative reviewing Plaintiff's medical treatment, or lack thereof, since June 2018 while housed at various Corrections of Department and Rehabilitation ("CDCR") institutions, and referring to numerous other correctional officials as defendants. ECF No. 33 at 8-16. The amended complaint suffers from numerous deficiencies. For the reasons set forth below, the First Amendment claim is dismissed with prejudice and the Eighth Amendment claims are dismissed with leave to amend.

3

First, the Court will not attempt to determine causes of action or identify defendants from the nine-page attachment to the amended complaint. The attachment is a vague and meandering collection of Plaintiff's complaints about the medical treatment provided or not provided since he entered CDCR custody in June 2018. Fed. R. Civ. P. 8(a) requires a short and plain statement of the legal claims. In preparing a second amended complaint, Plaintiff should, for each cause of action, list the defendant(s) that committed the alleged constitutional violation, specify the constitutional provision violated, and specify the actions or failures to act that constituted a constitutional violation. The Court will not attempt to identify causes of actions or defendants from a narrative of events.

Second, the claims regarding the processing of Plaintiff's grievances are DISMISSED with prejudice. A prison official's denial of an incarcerated person's grievance generally does not constitute significant participation in an alleged constitutional violation sufficient to give rise to personal liability under Section 1983. *See, e.g., Wilson v. Woodford*, No. 1:05–cv–00560–OWW–SMS, 2009 WL 839921, at *6 (E.D. Cal. Mar. 30, 2009) (ruling against incarcerated person on administrative complaint does not cause or contribute to constitutional violation). An incarcerated person has no constitutional right to an effective grievance or appeal procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that incarcerated person has no constitutional right to effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."). The dismissal of claims related to the processing of Plaintiff's grievances is without leave to amend because amendment would be futile. *See Lopez*, 203 F.3d at 1130 (district court should grant leave to amend unless pleading could not possibly be cured by the allegation of other facts).

Third, the amended complaint's conclusory allegations fail to state a cognizable Eighth Amendment claim against defendants Foss and Rivera. The amended complaint alleges that defendant Foss "perpetrated torture to death;" was involved in a conspiracy to withhold his prognosis of terminal illness; and falsely manufactured a mental health diagnosis. The amended complaint further alleges that defendants Foss and Rivera failed to tell Plaintiff in 2019 that he was dying, thereby denying him the ability to request recall. These allegations do not identify the

4

medical needs at issue, and why defendants Foss and Rivera's actions were not reasonable steps to abate Plaintiff's medical need.

Fourth, the amended complaint's allegations are too vague for the Court to determine how Plaintiff's constitutional rights are being violated. Plaintiff again fails to specify what specific medical treatment was necessary but not provided and who denied the requested or necessary medical treatment. For example, the amended complaint fails to explain what a "proper hospitalization" is, or what Plaintiff's terminal diagnosis is. The amended complaint repeatedly attributes inaction or inadequate care to "Defendants" as a group, without specifying which defendant committed the alleged constitutional violation.

Fifth, Plaintiff is improperly attempting to sue for constitutional violations arising out of separate occurrences, in violation of Fed. R. Civ. P. 20. Here, Plaintiff alleges that all the healthcare he has received since June 2018, while housed at North Kern State Prison ("NKSP"), Salinas Valley State Prison, and California Healthcare Facility ("CHCF"), has been inadequate and the equivalent of torture. He seeks to file an "unlimited federal civil rights complaint" and requests that the Court join all the lawsuits he has filed regarding his healthcare. Although all of Plaintiff's claims concern his healthcare, these incidents are separate series of occurrences.[2] These claims concern healthcare decisions made by different individuals at different institutions in response to Plaintiff's health condition at that particular time. Pursuant to Fed. R. Civ. P. 20, these claims must be brought in separate actions. Fed R. Civ. P. 20 provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

---

[2] It appears that Plaintiff has filed an action in the Eastern District of California regarding his medical treatment at CHCF. *See* C No. 21-311 DB, *Yocom v. Allison, et al.* (E.D. Cal.) ("*Yocom II*").

"Unrelated claims against different defendants belong in different suits . . ." *Id.* "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by [an incarcerated person]." *Id.* Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all defendants named therein. Plaintiff needs to choose the claims he wants to pursue in this action that meet these joinder requirements. Claims regarding healthcare treatment received (or not received) at California Healthcare Facility and North Kern State Prison should be filed in the Eastern District of California. *See* 28 U.S.C. § 84(b).

The Court notes although the amended complaint alleges that prison officials have denied him medical treatment, the amended complaint's allegations indicate that Plaintiff has received significant medical treatment, ranging from hospitalizations, medical tests, and examination by specialists and physicians. In addition, the amended complaint reports that various doctors who have examined Plaintiff in the past two years have concluded that Plaintiff's condition is stable, and the tests conducted over the past two years do not indicate torture or lack of medical treatment. Plaintiff, however, insists that these doctors are ignoring his medical needs and the test results are doctored. The amended complaint's allegations appear to indicate a difference of opinion in medical treatment which would not state an Eighth Amendment violation. "A difference of opinion between [an incarcerated person]-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

In preparing a second amended complaint, Plaintiff is cautioned that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a cognizable cause of action, and that the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Ashcroft*, 556 U.S. at 678.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. Defendants' request for screening of the amended complaint is GRANTED. ECF No. 36.

2. The Court DISMISSES the amended complaint with leave to amend. Within **twenty-eight (28) days** of the date of this order, Plaintiff shall file a second amended complaint. The second amended complaint must include the caption and civil case number used in this order, Case No. C 19-02949 JST (PR) and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his second amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaints by reference. Failure to file a second amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

This order terminates ECF No. 36.

**IT IS SO ORDERED.**

Dated: January 3, 2022



JON S. TIGAR
United States District Judge